# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SAMANTHA SCHREIBER,**

        **Plaintiff,**

**-vs-**                                                **Case No. 6:09-cv-1990-Orl-28GJK**

**DENO P. DIKEOU,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **JOINT REQUEST FOR APPROVAL AND ENTRY OF CONSENT DECREE (Doc. No. 15)**
>
> **FILED:** October 8, 2010
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On November 23, 2009, Samantha Schreiber (the "Plaintiff") filed a complaint (the "Complaint") against Deno P. Dikeou (the "Defendant"), pursuant to the Americans With Disabilities Act (the "ADA"), alleging that Defendant's shopping plaza has certain "physical barriers" which restrict and/or limit Plaintiff's access to the shopping plaza. Doc. No. 1. On October 8, 2010, the parties filed a Joint Request For Approval and Entry of Consent Decree (the "Motion"). Doc. No. 15. In the Motion, the parties request that the Court approve their Consent Decree and retain jurisdiction

over this matter to enforce the terms of the Consent Decree. Doc. No. 15 at 1. The Consent Decree states that it is the intent of the parties "to improve access to [Defendant's shopping plaza] for persons with disabilities, and to set standards for future construction in a manner that satisfies Defendant's obligations under the laws governing physical access features for persons with disabilities. . . ." Doc. No. 15-1 at 1-2.

Under the Consent Decree, the Defendant will remove the barriers pursuant to the alterations and modifications recommended in an August 13, 2010 ADA Inspection Report. Doc. No. 15-1 at 2. Defendant shall also have in force "a policy that permits the use of a service animal by an individual with a disability in any area open to the general public, as well as a policy that requires any tenant to provide assistance to the disabled person when products are located for sale or displayed above the permissible reach ranges. . . ." Doc. No. 15-1 at 2-3. The Consent Decree requires all modifications to be completed by September 12, 2011, and Defendant shall obtain a re-inspection of the facility on or before October 17, 2011. Doc. No. 15-1 at 4-5. If the modifications and alterations contained within the Consent Decree are not timely completed, Plaintiff will be entitled to obtain the injunctive relief requested in the Complaint. Doc. No. 15-1 at 5. Plaintiff will receive $9,500.00 from Defendant "in full and final settlement of all attorneys' fees, expert fees and costs incurred. . . ." Doc. No. 15-1 at 6. Upon full compliance with the terms of the Consent Decree, the parties agree to a general release of all claims. Doc. No. 15-1 at 7. The parties request that "the Court . . . enter a final order of dismissal with prejudice as to all claims, providing for retention of jurisdiction by the Court to enforce, as necessary, the terms agreed to by the parties in this Consent Decree." Doc. No. 15-1 at 7.

Having reviewed the parties' Motion (Doc. No. 15), the attached Consent Decree (Doc. No. 15-1), and the inspection report (Doc. No. 15-2), the undersigned **RECOMMENDS** that the Court:

1. **GRANT** the Motion (Doc. No. 15);

2. Enter the Consent Decree (Doc. No. 15-1) as a separate order;

3. Dismiss the case with prejudice; and

4. Retain jurisdiction until November 28, 2011, to enforce the Consent Decree.[1]

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 23, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[1] Retaining jurisdiction until November 28, 2011 will allow the parties to fully comply with all provisions of Consent Decree and, if necessary, allow for reasonable modifications of the deadlines established therein.